IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

RICHARD A. SCHUETZE, INC.,

    *Plaintiff,*

    v.

UTILLIGENT, LLC,

    *Defendant.*

No. 1:21-cv-00476-SB

David B. Anthony, Peter C. McGivney, BERGER HARRIS, LLP, Wilmington, DE; Brian Hansen, Clayton O. Knowles, ADAMS AND REESE LLP, Atlanta, GA.

    *Counsel for Plaintiff.*

Robert A. Penza, Joseph C. Sharp, Stephen J. Kraftschik, POLSINELLI PC, Wilmington, DE.

    *Counsel for Defendant.*

**MEMORANDUM OPINION**

March 30, 2022

BIBAS, *Circuit Judge*, sitting by designation.

Contract disputes can get heated. A party may feel wronged when its counterpart breaches. But a breach, without more, is not fraud. Here, a stakeholder was fired, then denied money he was owed. While the company may have breached a contract, it is not guilty of fraud. So I dismiss the fraud claims. And because the stakeholder's contract left no room for implied terms, I dismiss his claim for breach of an implied covenant too.

## I. BACKGROUND

Richard Schuetze was a partner and member of Utilligent, LLC, a consulting company. Compl., D.I. 1 ¶¶ 6–7. (Formally, his relationship with Utilligent was through Richard A. Schuetze, Inc. But for ease of reference, I will refer to the man behind the corporation.) Schuetze had two agreements with Utilligent. One gave him a stake in the company; the other described when Utilligent could fire him and buy back his interest. *Id.* ¶¶ 6–7, 12, 14; D.I. 31-1 (Operating Agreement); D.I. 1-1 (Buyback Agreement).

But the relationship soured. Utilligent fired Schuetze for cause and bought back his stake. *Id.* ¶¶ 18–19. Schuetze counters that Utilligent fabricated that cause and never paid him for his stake. *Id.* ¶¶ 19, 23, 24.

Displeased, Schuetze sued Utilligent for breaching their contracts and implied covenants of good faith and fair dealing. *Id.* ¶¶ 25–44. He also charges fraud, saying Utilligent's false assurances duped him into signing the Buyback Agreement in the first place. *Id.* ¶¶ 48–53. For his trouble, Schuetze seeks damages, a declaratory judgment, and litigation expenses. *Id.* ¶¶ 45–47, 54–57.

Now Utilligent moves to dismiss. D.I. 30. It asks me to dismiss all claims except those for breach of contract and declaratory relief. Utilligent is mostly right, so I dismiss Schuetze's claims for fraud and breach of an implied covenant and his request for punitive damages. But I will not dismiss Schuetze's claim for attorneys' fees and expenses just yet.

## II. I DISMISS SOME OF SCHUETZE'S CLAIMS

On this motion to dismiss, I "accept as true all allegations in the complaint" and draw "all reasonable inferences" in Schuetze's favor. *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (internal quotation marks omitted). In doing so, I can consult the parties' agreements because Schuetze's complaint is "based" on these "undisputedly authentic documents." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019); D.I. 1-1 (Buyback Agreement); D.I. 31-1 (Operating Agreement).

### A. I dismiss Schuetze's fraud claim

Schuetze alleges that Utilligent's false assurances duped him into signing the Buyback Agreement. Compl., D.I. 1 ¶ 15. But that claim fails twice over. He does not plead his cause precisely enough. Fed. R. Civ. P. 9(b). Plus, he never says he relied on those assurances.

But first, a threshold issue: the parties dispute whether Delaware or Georgia law governs Schuetze's fraud claim. But I need not resolve that question because Schuetze's claim fails under either state's law. *Williams v. Stone*, 109 F.3d 890, 893 (3d Cir. 1997). In both states, fraud plaintiffs must plead that they relied on the

3

falsehoods over which they sue. *Compare Fowler v. Overby*, 478 S.E.2d 919, 921 (Ga. Ct. App. 1996) *with In re Wayport, Inc. Litig.*, 76 A.3d 296, 323 (Del. Ch. 2013).

On to the merits. To recover for fraud, Schuetze must describe the fraud "with particularity." Fed. R. Civ. P. 9(b). He "must allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 778 (3d Cir. 2018) (internal quotation marks omitted).

Schuetze does neither. He says Utilligent lied twice: once, when it promised not to fire him except on "specific grounds"; and again when it promised not to "act arbitrarily or unreasonably to terminate" him. Compl., D.I. 1 ¶ 15. Yet he does not say when, where, or how Utilligent said those things. *See Alpizar-Fallas v. Favero*, 908 F.3d 910, 919 (3d Cir. 2018).

Schuetze also fails to adequately plead that those statements were false. That sinks his claim in Georgia and Delaware. *See Fowler*, 478 S.E.2d at 921; *In re Wayport*, 76 A.3d at 323. Indeed, he never says that Utilligent fired him in a way that conflicted with its earlier promises. Schuetze's bald allegation that Utilligent lied is not enough. Compl., D.I. 1 ¶ 28; *see Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (noting that courts should "disregard … mere conclusory" allegations).

Likewise, Schuetze does not plausibly allege that he justifiably relied on Utilligent's assurances. *Fowler*, 223 Ga. App. at 803; *In re Wayport*, 76 A.3d at 323. Why was it reasonable for Schuetze to rely on alleged promises that contradicted the

4

Buyback Agreement's express terms? The complaint never says. So his fraud claim falls flat.

**B. I also dismiss Schuetze's claim for breach of an implied covenant**

Next, Schuetze claims that Utilligent breached implied covenants of good faith and fair dealing in the Buyback Agreement. Compl. ¶¶ 40–43. Utilligent objects that the agreement's express terms leave no room for an implied covenant. D.I. 31, at 12. Because I agree, I dismiss this claim too.

*1. Withholding pay.* First, Schuetze claims that Utilligent breached an implied covenant by "refusing to pay [him] for [his] membership interest." Compl., D.I. 1 ¶ 40. But to breach an implied covenant, that covenant must exist in the first place. And implied covenants cannot exist when, as here, express contracts govern the dispute. *See Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 888 (Del. Ch. 2009). The Buyback Agreement says what Schuetze is owed for his membership interest. D.I. 1-1 § 2(e) (the purchase price is either "fifty percent … of the [f]air [m]arket [v]alue" (without cause) or "equal to the consideration paid by [Schuetze]" (for cause)). And the Operating Agreement defines payment terms. D.I. 31-1, Art. II, § 2.1 ("If … the parties are unable to resolve their disagreement [about price], an independent appraiser … will be retained."). So I will not imply any more obligations.

*2. Refusing to calculate the membership interest and distributions.* Schuetze argues that Utilligent breached implied covenants to "negotiate with [him] in good faith for a fair and accurate valuation" of his membership interest and the distributions he is owed. Compl., D.I. 1 ¶¶ 42–43. These claims fail for the same reason. There is no space for his implied terms: The Buyback Agreement specifies how much Utilligent

5

owed Schuetze once it fired him. D.I. 1-1 §2(e). And it also stipulates that he is entitled to "any portion of any distributions" when fired. D.I. 1-1, ex. A, §3.

*3. Lying about cause.* Last, Schuetze alleges that Utilligent breached an implied term by "manufacturing false grounds" to "falsely claim[]" that he was fired for cause. Compl., D.I. 1 ¶¶ 40–41. Not so. The Buyback Agreement lists four express grounds to fire him for cause. D.I. 1-1 §1(b). Three of those leave no room for his implied term. If he was fired under one of those clauses, Schuetze must allege that Utilligent breached that *express* term by fabricating cause.

True, one of the grounds gives Utilligent full discretion to decide whether Schuetze adequately performed his "obligations to the [c]ompany." D.I. 37, at 17–19 (quoting D.I. 1-1 §1(b)(i)). And it must exercise that discretion in good faith. *Airborne Health, Inc. v. Squid Soap, LP*, 984 A.2d 126, 146–47 (Del. Ch. 2009). But Schuetze does not allege that he was fired under that discretionary provision. So I dismiss this claim as well.

**C. I dismiss Schuetze's claim for punitive damages too**

Schuetze argues that he deserves punitive damages for his breach of contract claim. Not so. (Because I dismissed his fraud and breach-of-implied contract claims, I need not decide whether he could recover punitive damages for those counts).

In Delaware, "punitive damages are not recoverable for breach of contract unless the conduct also amounts independently to a tort." *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 445 (Del. 1996); *see also Bhole, Inc. v. Shore Invs., Inc.*, 67 A.3d 444, 454 (Del. 2013). None of Schuetze's allegations fits the bill.

6

Schuetze says that Utilligent breached the Buyback Agreement in two ways. First, he says Utilligent failed to pay money it owes under the contract. Compl., D.I. 1 ¶¶ 28–29, 31. Second, it did not "negotiate … for a fair and accurate valuation of [his] membership interest." *Id.* ¶ 30. But none of that alleged conduct "would amount independently to a tort," so punitive damages are not available. *Owens v. Connections Cmty. Support Programs, Inc.*, 840 F. Supp. 2d 791, 799–800 (D. Del. 2012).

**D. Schuetze's demand for attorneys' fees and expenses survives**

Finally, Schuetze asks for attorneys' fees and litigation expenses under Delaware or Georgia law. Since his Georgia claims do not survive, I dismiss his request for fees under Georgia law. But I deny Utilligent's motion to dismiss Schuetze's Delaware-law claim. D.I. 37, at 15. ("[T]he parties agree that Delaware law applies to [Schuetze's] contractual claims.").

Delaware generally makes each party bear its own litigation expenses. *Kaung v. Cole Nat. Corp.*, 884 A.2d 500, 506 (Del. 2005). But not always. *Id.* A court may award the winning party fees where its opponent "has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Brice v. State, Dep't of Corr.*, 704 A.2d 1176, 1179 (Del. 1998) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59 (1975)). At this stage, it is too soon to tell. So I will not dismiss this claim.

\* \* \* \* \*

Schuetze fails to plausibly plead fraud or a breach of an implied covenant. Plus, no law supports his claim for punitive damages. So I dismiss each of these claims without prejudice. But Schuetze's request for fees survives.